**Robert V. ADAMS, et al., Plaintiffs,**

v.

**NVR HOMES, INC., t/a Ryan Homes, et al., Defendants.**

No. CIV. H–99–846.

United States District Court, D. Maryland.

April 27, 2001.

Roberto N. Allen, Saul, Ewing, Weinberg and Green, Pamela D. Marks, Robert Brager, Mark A. Turco, Beveridge & Diamond, PC, Monica La Polt, Baltimore, MD, Benjamin F. Wilson, Beveridge and Diamond PC, Washington, DC, for plaintiffs.

Steven A. Allen, Hodes Ulman Pessin and Katz, PA, Baltimore, MD, Arnold M. Weiner, Snyder, Weiner, Welchek, et al., Baltimore, MD, Randall M. Lutz, Hodes Ulman Pessin and Katz, PA, Towson, MD, Beverly Ann Turk, Baltimore, MD, for NVR Homes, Inc. and NVR, Inc.

Susan M. Souder, Law Office of Susan Souder, PA, Catonsville, MD, Mark H. Kolman, Robert William Pommer, III, Dickstein, Shapiro, Morin and Oshinsky, Washington, DC, Edward E. Sharkey, Baltimore, MD, John Agar, Washington, DC, for Brantly Development Group, Inc., Nantucket Island Homes, Inc., John F. Liparini and Nick Liparini.

Mark H. Kolman, Robert William Pommer, III, Dickstein, Shapiro, Morin and Oshinsky, Washington, DC, Edward E. Sharkey, Baltimore, MD, for The Liparini Company and Marshalee Woods Limited Partnership.

Howard G. Goldberg, Goldberg, Pike & Beschee, PC, Sharon K. Engelhard, Baltimore, MD, for Hillis–Carnes Engineering Associates, Inc.

Andrew D. Levy, Dana Whitehead McKee, Brown, Goldstein and Levy, LLP, Baltimore, MD, for Mafi Associates, Inc.

Richard L. Nilsson, Brizendine, Bergen & Tripoda, Timonium, MD, Terrence Michael McShane, Lee & McShane, PC, Laurence C. Fauth, Washington, DC, for Gutschick, Little & Weber, P.A.

*MEMORANDUM AND ORDER*

ALEXANDER HARVEY, II, Senior District Judge.

Pending in this case are two motions

filed by third-party defendant Gutschick.[1] Before the Court are Gutschick's motion for clarification and reconsideration of the Court's denial of Gutschick's motion for summary judgment and also Gutschick's motion *in limine*.

Memoranda and exhibits in support of and in opposition to these motions have been filed by the parties. Following its review of the pleadings, memoranda and exhibits, this Court has concluded that Gutschick's motion *in limine* should be granted. As the result of the granting of this motion, competent evidence does not exist to support the third-party claims of Brantly Development and Nantucket. Accordingly, the Court will also grant Gutschick's motion for reconsideration and will enter summary judgment in favor of third-party defendant Gutschick as to both Count I and Count II of the amended third-party complaint.

The background facts pertaining to the third-party claims of Brantly Development and Nantucket were set forth in this Court's Memorandum and Order of March 22, 2001 and will not be repeated here. (Slip op. at 73–74). In denying Gutschick's motion for summary judgment, this Court concluded that Gutschick had not met its burden of showing that there is an absence of evidence to support the claims of Brantly Development and Nantucket. (*Id.* at 78). The Court viewed the facts presented to it in the summary judgment papers and all reasonable inferences to be drawn therefrom in a light most favorable to Brantly Development and Nantucket and concluded that there were disputed issues of material fact which indicated that Gutschick might be liable under the claims of negligence and breach of contract asserted against it in the amended third-patty complaint. *Id.* The Court noted that the third-party plaintiffs were not at the summary judgment stage of the case required to specifically identify expert testimony establishing that Gutschick had breached the applicable standard of care. (*Id.* at 79).

The inquiry to be made by the Court at this later time is quite different. A pretrial conference has now been held, and a Pretrial Order entered. In that Order, the third-party plaintiffs have listed only Raymond A. DeStephen as the sole expert to be called by them at the trial. In its motion *in limine*, Gutschick argues that the expert testimony of DeStephen to be offered in support of the third-party claims of Brantly Development and Nantucket should be excluded on grounds (1) that third-party plaintiffs' sole expert was not timely identified before the close of discovery, and (2) that DeStephen is not a civil engineer and is therefore not qualified to render an opinion under Rule 702, F.R.E., concerning the standard of care applicable to the conduct of a civil engineering firm like Gutschick.

On February 17, 2000, this Court entered a Scheduling Order which required that defendants' Rule 26(a)(2) expert disclosures (including those of defendants Brantly Development and Nantucket) be made on or before August 17, 2000. This deadline was later extended until September 15, 2000. On September 7, 2000, this Court entered a Revised Scheduling Order which required that depositions and all other discovery be completed by December 29, 2000.

On December 7, 2000, Brantly Development and Nantucket mailed their responses to Gutschick's interrogatories. Their response to Interrogatory No. 11 indicated

---

1. Defendants Brantly Development Group, Inc. ("Brantly Development") and Nantucket Island Homes, Inc. ("Nantucket") have filed in this case an amended third-party complaint against Gutschick, Little & Weber, P.A. ("Gutschick").

that they intended to rely upon plaintiffs' documents and contentions in support of the claim made in their amended third-party complaint that work performed by Gutschick at Calvert Ridge was defective. In response to Interrogatory No. 6, the third-party plaintiffs stated that they had not yet identified experts whom they expected to call at the trial. This statement was made in spite of the fact that it had been some three months since the deadline for expert disclosures had expired, and more than five months after plaintiffs had made available to other parties the Rule 26(a)(2) expert report of DeStephen.

On December 12, 2000, counsel for Gutschick attended the deposition of DeStephen. Counsel for Brantly Development and Nantucket did not attend that deposition. Counsel for Gutschick asked DeStephen only a few questions, including the following:

Q. You don't have any opinions as to the role of Gutschick, Little & Weber in this case, do you?

A. No.

Relying on this response and on the fact that DeStephen had not been identified as an expert witness by Brantly Development and Nantucket, counsel for Gutschick did not continue to question DeStephen and did not inquire into the basis for any opinion which he might present at the trial indicating that Gutschick breached the applicable professional standard of care.

On January 15, 2001, Gutschick filed its motion for summary judgment. In its motion, Gutschick argued, *inter alia*, that the third-party claims of Brantly Development and Nantucket should be dismissed because they had failed to offer or identify any expert testimony in support of their claim that Gutschick had breached its professional standard of care. On February 1, 2001, Brantly Development and Nantucket filed their opposition to Gutschick's motion for summary judgment. For the first time, they indicated that they would be relying on DeStephen's expert testimony in opposing the entry of summary judgment in favor of Gutschick. The Pretrial Order confirms that Brantly Development and Nantucket will be relying on DeStephen as the only expert to be presented by them in support of their third-party claims.[2]

On the record here, this Court concludes that Brantly Development and Nantucket must be precluded from relying upon the expert testimony of DeStephen at the trial because they have failed to meet the deadlines set by the Court for the identification of experts and for the completion of discovery. Under the circumstances here, Gutschick would be severely prejudiced if the third-party plaintiffs were now permitted to present DeStephen's testimony at the trial. DeStephen was not identified as an expert to be called by Brantly Development and Nantucket until after the close of discovery. Counsel for Gutschick therefore did not have an opportunity to examine him at his deposition and test the opinions that he would be giving at the trial in support of the third-party claims asserted against Gutschick. Since counsel for Brantly Development and Nantucket was not present at DeStephen's deposition, and since this expert witness had stated that he had no opinion as to the role of Gutschick in the case, counsel for Gutschick were fully justified in declining to examine him further at his deposition. As indicated by his deposition testimony,

**2.** In their opposition to Gutschick's motion for summary judgment, Brantly Development and Nantucket stated that the costs of defending this action have been overwhelming and that the Brantly parties have been unable financially to retain expert witnesses to testify or to pursue further discovery against the third-party defendants.

DeStephen did not analyze or comment on the specific services rendered by Gutshick pursuant to its contracts with Brantly Development and Nantucket. Nor did he review all of the reports and other documents which were produced by Gutschick during discovery and which relate to the engineering services rendered by Gutschick at the Calvert Ridge site.

Pursuant to Rule 37(c)(1), a party that, without substantial justification, fails to disclose information required by Rule 26(a), shall not, unless such failure is harmless, be permitted to use as evidence at a trial any witness not so disclosed. Here, Brantly Development and Nantucket have not justified their failure to comply with the Court's deadlines. Moreover, the failure here is not harmless. Rather, the third-party plaintiffs' violation of Rule 37(c)(1) has been prejudicial to Gutschick's preparation of a defense to the third-party claims asserted against it. Accordingly, this Court will exclude at the trial any expert testimony by DeStephen which discusses either the services provided by Gutschick or the standard of care which should be applied to Gutschick.[3]

In their opposition to Gutschick's motion *in limine*, Brantly Development and Nantucket contend that this motion is no more than an attempted end run around this Court's Memorandum and Order of March 22, 2001 which denied Gutschick's motion for summary judgment. The Court must disagree.

Gutschick's pending motion *in limine* arises in a context which is quite different from that in which Gutschick's earlier motion for summary judgment was presented.

As the Court noted in its earlier ruling, Brantly Development and Nantucket were not required at that earlier "stage" of the case to specifically identify expert testimony establishing that Gutschick breached the applicable standard of care. (Slip op. at 79). At this latter stage of the case, the Court's inquiry is somewhat different. Local Rule 106.2.j requires that the Pretrial Order list the names and specialties of experts whom a party proposes to call. In the Pretrial Order approved by the Court, the third-party plaintiffs have finally identified DeStephen as the sole expert to be called by them to testify at the trial in support of their third-party claims. No other experts have been identified as witnesses to be called by the third-party plaintiffs at the trial.

In ruling on Gutschick's motion for summary judgment, the Court was required by cases interpreting Rule 56, F.R.Civ.P., to view the facts and all reasonable inferences to be drawn therefrom in the light most favorable to the third-party plaintiffs. Applying that standard to facts contained in the record before it at the time, this Court previously concluded that summary judgment was not appropriate. A quite different question is now presented by Gutschick's motion *in limine*, namely, whether Gutschick has been prejudiced by the third-party plaintiffs' failure to comply with the Court's Scheduling Orders and with Rule 26(a)(1). Under the circumstances here, this Court now concludes that Gutschick's motion *in limine* must be granted and that the testimony of DeStephen in support of the third-party claims of Brantly Development and Nantucket must be excluded.

---

**3.** Gutschick has also presented compelling arguments that DeStephen's expertise is not sufficient to qualify him to render an opinion under Rule 702 concerning the standard of care applicable to the conduct of a civil engineering professional like Gutschick. However, since the Court has concluded that the testimony of DeStephen in support of the third-party claims should be excluded under Rule 37(c)(1), it is not necessary for the Court to address those alternative arguments.

■ In the absence of expert testimony to support their claims, Brantly Development and Nantucket may not proceed to trial on Counts I and II of their amended third-party complaint. The Court is satisfied on the record here that expert testimony is necessary to establish that Gutschick, as a professional engineering firm, breached the applicable standard of care and that the breach proximately caused plaintiffs' damages. In the absence of DeStephen's testimony, there would not be sufficient evidence of record for an average juror to determine that there was such a breach. *Wood v. Toyota Motor Corp.,* 134 Md.App. 512, 518, 760 A.2d 315 (2000). Expert testimony is required when the subject matter is so particularly related to some science or profession that it is beyond the ken of the average layman. *Id.; Hartford Accident and Indemnity Comp. v. Scarlett Harbor Assoc. Limited Partnership,* 109 Md.App. 217, 257, 674 A.2d 106 (1996), *aff'd,* 346 Md. 122, 695 A.2d 153 (1997) (citing *Virgil v. "Kash N' Karry" Service Corp.,* 61 Md.App. 23, 31, 484 A.2d 652 (1984), *cert. denied,* 302 Md. 681, 490 A.2d 719 (1985)).

In its earlier ruling, the record before the Court included not only the proposed testimony of DeStephen but also engineering reports and deposition testimony from other experts. (Slip op. at 80). The Court accordingly concluded that there was enough evidence in the record to permit jurors to find in favor of the third-party plaintiffs. However, as a result of the entry of a Pretrial Order in this case, it is now apparent that the only expert testimony which the third-party plaintiffs will

present at the trial is that of DeStephen. When, as here, expert testimony is needed to prove an essential element of a claim, the issue regarding the admissibility of the expert's testimony and its ultimate effect on whether the third-party plaintiffs can meet their burden of proof have become entwined. *Samuel v. Ford Motor Co.,* 112 F.Supp.2d 460, 466–67 (D.Md.2000).

The numerous exhibits submitted by Gutschick in support of its motion for summary judgment and its motion for reconsideration indicate that the professional services rendered by it pursuant to its contracts with Brantly Development and Nantucket were technical in nature and quite complex. The Court is satisfied on the record here that expert testimony is necessary to prove the third-party claims of Brantly Development and Nantucket. There is no other competent evidence in this record indicating that Gutschick performed the engineering services in question in a negligent manner. The subject matter addressed in the amended third-party complaint is so particularly related to professional engineering that it is beyond the ken of the average juror. Since Brantly Development and Nantucket cannot on this record meet their burden of proof, Gutschick's motion to reconsider will be granted, and summary judgment will be entered in favor of third-party defendant Gutschick on both counts of the amended third-party complaint.[4]

For the reasons stated, it is this _____ day of April, 2001 by the United States District Court for the District of Maryland,

ORDERED:

---

4. In their opposition to Gutschick's motion for reconsideration, Brantly Development and Nantucket for the first time argue that they were intended to be the third-party beneficiaries of the Helen O'Connor–Gutschick contract. This contention will be rejected. No such allegations were contained in the amended third-party complaint, and it is much too late to add this claim to those previously asserted by the third-party plaintiffs. No discovery was ever undertaken in connection with the third-party beneficiary claim now advanced by Brantly Development and Nantucket.

1. That the motion *in limine* of third-party defendant Gutschick, Little & Weber, P.A. is hereby granted;

2. That the motion for clarification and reconsideration of third-party defendant Gutschick, Little & Weber, P.A. is hereby granted;

3. That, following reconsideration, the motion for summary judgment of third-party defendant Gutschick, Little & Weber, P.A. is hereby granted; and

4. That summary judgment in favor of third-party defendant Gutschick, Little & Weber, P.A. will be entered as to both Count I and Count II of the amended third-party complaint.